IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DR. EBENEZER NII-MOI, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 6:21-cv-00001-JDK | |
| § | | |
| MCALLEN HOSPITALIST GROUP, § | | |
| PLLC, d/b/a VALLEY CARE CLINICS, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

This is an employment dispute between Dr. Ebenezer Nii-Moi and his former employer, McAllen Hospitalist Group ("MHG"). MHG seeks an order staying the case and compelling arbitration. Docket No. 3. Dr. Nii-Moi argues that a condition precedent to arbitration has not been satisfied, and in the alternative, that the arbitration agreement is unconscionable. Docket No. 7. For the following reasons, the Court **GRANTS** MHG's motion.

**I.**

Dr. Nii-Moi was an obstetrician-gynecologist employed by MHG until MHG terminated him in September 2018. Docket No. 4 at ¶¶ 10–12 & 23. Nii-Moi alleges that his termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and the Texas Commission on Human Rights Act, TEX. LAB. CODE

§§ 21.001–.556. *Id.* Nii-Moi also asserts breach-of-contract and *quantum meruit* claims. *Id.*[1]

Citing the parties' employment agreement, MHG now moves to stay the proceedings and compel arbitration. MHG relies on the following "Dispute Resolution" provisions in the agreement:

> **8.1** The parties will attempt through good faith negotiation to resolve their disputes. The term "disputes" includes, without limitation, any dispute or claim that arises out of or that relates to this Agreement, or that relates to the breach of this Agreement, or that arises out of or that is based upon the employment relationship (including any wage claim, any claim for wrongful termination, or any claim based upon any statute, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), including tort claims (except a tort that is a "compensable injury" under Workers' Compensation Law). If the parties hereto are unable to resolve their disputes by negotiation, either party may request that the dispute be submitted to voluntary mediation before an impartial mediator. The mediation shall be conducted in Harris County, Texas pursuant to the applicable rules for mediation then in effect published by the American Arbitration Association. If the mediation process does not resolve the dispute, the dispute shall be submitted for binding arbitration by one party sending a written notice of arbitration to the other party. The notice will state the dispute with particularity.
>
> . . . .
>
> **8.4** All decisions of the arbitrator shall be binding on all parties, and (except as provided below) shall constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Agreement. Judgment may be entered upon such decision in accordance with applicable law in any court having jurisdiction thereof."

Docket No. 3, Ex. 1, art. VIII, §§ 1, 4.

---

[1] Nii-Moi originally brought his claims in state court in Gregg County in November 2020; MHG then removed the case to this Court in January 2021. *See* Docket Nos. 1 & 4. The Court has jurisdiction under 28 U.S.C. §§ 1331 & 1367.

2

## II.

The Supreme Court has long held that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, manifests a "liberal federal policy favoring arbitration agreements" and guarantees their enforcement. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). The robust enforcement of arbitration agreements applies even to statutory claims. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (subjecting ADEA claims to compulsory arbitration); *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 265 (2009) (noting that a prior Supreme Court opinion "erroneously assumed that an agreement to submit [Title VII] claims to arbitration was tantamount to a waiver of those rights"); *Elkjer v. Scheef & Stone, L.L.P.*, 8 F. Supp. 3d 845 (N.D. Tex. 2014) (subjecting Texas Commission on Human Rights Act claims to compulsory arbitration). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors*, 473 U.S. at 628.

Likewise, the Texas Supreme Court has held that the Texas Arbitration Act ("TAA"), TEX. CIV. PRAC. & REM. CODE §§ 171.001–.098, "strongly favor[s] arbitration." *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008). "Whether a case is governed by the [FAA] or the TAA, many of the underlying substantive principles are the same." *Id.* at 56 n.10. Accordingly, the Texas Supreme Court, when applying the TAA, "relies interchangeably on cases that discuss the FAA and TAA." *Id.*

3

Under both the FAA and the TAA, courts use the following two-step process in determining the threshold matter of arbitrability: first, they determine whether there is a valid and binding arbitration agreement and, if so, they analyze whether the dispute is within its scope. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996); *McReynolds v. Elston*, 222 S.W.3d 731, 739 (Tex. App.—Hous. [14th] 2007, no pet.); *see also Carnegie Techs., LLC v. Triller, Inc.*, SA-20-CV-00271-FB, 2021 WL 848182, at *3 (W.D. Tex. Mar. 5, 2021) (describing the test under the FAA and TAA as the same). Once the threshold matter of arbitrability is satisfied, the Court must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Webb*, 89 F.3d at 258. This means that unenforceable agreements—whether due to illegality, unconscionability, or something else—will not be enforced just because they relate to arbitration. *Sec. Serv. Fed. Credit Union v. Sanders*, 264 S.W.3d 292, 297 (Tex. App.—San Antonio 2008, no pet.).

### III.

As explained below, the Court finds that Nii-Moi's argument about a condition precedent is best decided by the arbitrator, and that Nii-Moi has failed to show that the arbitration provision is unconscionable here.

### A.

The parties do not dispute the existence or validity of the employment agreement with the arbitration provision. Nor do they dispute that Nii-Moi's claims are substantively within the scope of the arbitration provision.[2] Rather, Nii-Moi

---

[2] Indeed, Nii-Moi brings claims of age discrimination, race discrimination, breach of contract, and *quantum meruit*, all of which fall squarely within the broad language of their agreement, which

4

argues that the provision is binding only if the parties first mediate their dispute. And since the parties did not mediate here, Nii-Moi asserts, the Court should deny MHG's motion. Docket No. 7 at 2–3. Nii-Moi's argument fails.

The arbitration provision provides in relevant part:

> The parties will attempt through good faith negotiation to resolve their disputes. . . . If the parties hereto are unable to resolve their disputes by negotiation, either party may request that the dispute be submitted to voluntary mediation before an impartial mediator. . . . If the mediation process does not resolve the dispute, the dispute shall be submitted for binding arbitration by one party sending a written notice of arbitration to the other party. . . .

Docket No. 3, Ex. 1, art. VIII, § 1. The parties agree that this provision includes a condition precedent to arbitration—the failure of "the mediation process" to "resolve the dispute"—that has not been satisfied. Docket No. 7 at 2–3; Docket No. 8 at 2. But "even when the agreement requires the parties to mediate before arbitration, a party who proceeds first to litigation waives the right to mediation and cannot assert the mediation provision as a condition precedent to arbitration." *Rodriguez v. Tex. Leaguer Brewing Co.*, 586 S.W.3d 423, 429–30 (Tex. App.—Hous. [14th] 2019, pet. denied); *see also Khancepts, LLC v. Lopez*, No. 14-19-00692-CV, 2020 WL 6278573, at *4 (Tex. App.—Hous. [14th] Oct. 27, 2020, no pet.) (same); *Global Evangelism Educ. Ministries, Inc. v. Caddell*, No. 04-08-00686-CV, 2009 WL 398255, at *2 (Tex.

---

covers:
> any dispute or claim that arises out of or that relates to [the employment contract], or that relates to the breach of [the employment contract], or that arises out of or that is based upon the employment relationship (including any wage claim, any claim for wrongful termination, or any claim based upon any statute, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), including tort claims (except a tort that is a compensable injury under Workers' Compensation Law).

Docket No. 3, Ex. 1, art. VIII, § 1.

5

App.—San Antonio Feb. 18, 2009, no pet.) ("[T]he party who filed suit rather than seeking mediation through the agreement . . . . waived his right to first proceed through mediation and cannot rely on the failure of conditions precedent to evade being now compelled to arbitration."). Holding otherwise would allow the waiving party to "unilaterally skip the efforts to resolve the dispute by skipping directly to litigation and thereby avoid the arbitration provision." *LDF Constr., Inc. v. Bryan*, 324 S.W.3d 137, 146–47 (Tex. App.—Waco 2010, no pet.).

It appears from the limited record here that Nii-Moi has waived the mediation condition precedent. The parties "engaged in pre-suit discussions," Nii-Moi made clear that he "did not want to mediate," and he instead filed this lawsuit. Docket No. 8 at 2 n.4; *see, e.g., Rodriguez*, 586 S.W.3d at 430. Questions relating to conditions precedent, however, are to be decided by the arbitrator, not the Court. *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84–86 (2002) (arbitrator should decide questions of "procedural arbitrability"); *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 307 (5th Cir. 2021) (arbitrator should decide whether mediation is a condition precedent to arbitration); *Gen. Warehousemen*, 331 F.3d at 490 (arbitrator should decide procedural prerequisites to arbitration); *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 211–12 (S.D. Tex. 2008) (arbitrator should decide "whether parties have complied with procedural prerequisites to arbitration, including requirements to participate in negotiation or mediation") (citing *Int'l Brotherhood of Elec. Workers, Local Union No. 124 v. Smart Cabling Sols., Inc.*, 476 F.3d 527, 529–30, (8th Cir. 2007), then citing *In re R & R Pers. Specialists of Tyler, Inc.*, 146 S.W.3d

6

699, 705 (Tex. App.—Tyler 2004, orig. proceeding)); *In re Weekley Homes*, 985 S.W.2d 111, 114 (Tex. App.—San Antonio 1998, no pet.) (internal citations omitted) (arbitrator should decide "procedural questions growing out of the dispute and bearing on its final disposition," including "whether procedures have been followed or excused and whether an unexcused failure to follow such procedures allows a party to avoid the duty to arbitrate").

Thus, Nii-Moi cannot escape arbitration at this stage in the proceeding based on a condition precedent. *See Polyflow*, 993 F.3d at 307.

**B.**

Nii-Moi alternatively argues that the arbitration agreement is unconscionable under Texas law because it entitles the arbitrator to award attorneys' fees and costs to MHG if it prevails on Nii-Moi's Title VII claims. Docket No. 7 at 6–12. Nii-Moi contends that this fee-shifting scheme violates public policy because Title VII awards fees to a defendant only if the plaintiff's claims were "frivolous, unreasonable, or groundless." *Id.* at 9 (quoting *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1652 (2016)). The arbitration agreement here thus "discourages [MHG's] employees (including Dr. Nii-Moi) from bringing Title VII claims by adding the specter of an adverse attorney's fees award if they simply do not prevail." *Id.* at 10–11.

To be sure, a fee-shifting provision may render an arbitration agreement unconscionable and unenforceable if it prevents a litigant from vindicating his statutory rights in the arbitral forum. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000); *In re Poly-America*, 262 S.W.3d 337, 355–56 (Tex. 2008). But to show that the provision will actually "deter enforcement of statutory rights," the

7

litigant must present "*some evidence*" that the cost of pursuing his claims in the arbitral forum will likely be prohibitive. *Poly-America*, 262 S.W.3d at 356 (emphasis in original). The mere "risk that a claimant will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."[3] *Id.* at 356; *see also In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 892 (Tex. 2010) (internal quotations and brackets omitted) ("[T]o conclude that an arbitration agreement is unconscionable based merely on the risk that the claimant will be saddled with prohibitive costs would undermine the liberal federal policy favoring arbitration agreements."); *U.S. Home Corp.*, 236 S.W.3d at 764 ("To sustain such a defense, both the United States Supreme Court and this Court require specific evidence that a party will actually be charged excessive arbitration fees.").

Courts therefore routinely compel arbitration of Title VII claims, even where the agreement includes a fee-shifting provision, because the complaining party relies only on "speculation about prohibitive costs." *See, e.g., Kapai v. Unified Bus. Techs., Inc.*, No. 4:19-cv-00749-RWS-CAN, 2020 WL 3066646, at *5 (E.D. Tex. May 8, 2020) (finding no *per se* substantive unconscionability in a provision similar to the one at

---

[3] Nii-Moi argues that *Poly-America* is distinguishable because it addressed only arbitration costs, not attorneys' fees. Docket No. 9 at 3–6. But nothing in *Poly-America* limits its holding to costs, and the Court sees no basis for doing so here. The court in *Poly-America* addressed whether plaintiffs would be deterred from exercising their statutory rights by the specter of arbitration fees. 262 S.W.3d at 355–56. And Nii-Moi's argument is that the arbitration provision deters him from exercising his statutory rights by the specter of attorneys' fees. Docket No. 7 at 11. Nii-Moi's argument thus fits squarely within the *Poly-America* court's analysis. Further, Nii-Moi's reliance on *Coronado v. D.N.W. Hous., Inc.*, Civ. No. H-13-2179, 2015 WL 5781375 (S.D. Tex. Sept. 30, 2015), to distinguish *Poly-America* fails because that case addressed actual waiver of statutory rights, not possible deterrence from asserting them. And neither the provision here nor the provision from *Poly-America* concerns an actual waiver of any rights. Accordingly, Nii-Moi's reliance on *Sanders*, a lower-court opinion that precedes *Poly-America*, fails. *See Ranchers & Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 WL 4354020, at *7 (Tex. App.—Beaumont Nov. 4, 2010, no pet.) (recognizing *Poly-America* as controlling after considering *Sanders*).

issue here because of the speculative nature of the claimed costs), *R. & R. adopted* 2020 WL 3064490 (E.D. Tex. June 9, 2020); *Briseno v. Cricket Inv., Ltd.*, Civ. No. M-09-59, 2009 WL 10711259, at *5–6 (S.D. Tex. Sept. 21, 2009) (finding a party resisting arbitration failed to show the costs would be sufficiently excessive to render the agreement unenforceable); *Quinn v. EMC Corp.*, 109 F. Supp. 2d 681, 685–86 (S.D. Tex. 2000) (same).

Nii-Moi here similarly relies only on speculation. He has presented no evidence of a potential attorneys' fees award, proof that such an award would be excessive, or information showing that this allegedly prohibitive amount would prevent him from vindicating his rights under Title VII. Rather, as MHG notes, Nii-Moi is a practicing physician who earned a significant income under the parties' employment agreement, and he has provided no evidence that he would be deterred by any potential fee award. *See* Docket No. 8 at 4. Moreover, as the Texas Supreme Court held, "[t]he arbitrator is better situated to assess whether the cost provision . . . will hinder effective vindication of [] statutory rights." *Poly-America*, 262 S.W.3d at 357. Thus, if the arbitrator here determines that the fee-shifting provision would hinder the vindication of Nii-Moi's statutory rights, the arbitrator can find that provision unconscionable and take appropriate action. *Id.*; *see also Ranchers & Farmers*, 2010 WL 4354020, at *7.

## IV.

Accordingly, the Court **GRANTS** MHG's Motion to Compel Arbitration and Stay Proceedings (Docket No. 3). Further, the Court **ORDERS** the parties to submit their disputes to arbitration and **STAYS** this case until further notice.

So **ORDERED** and **SIGNED** this **26th** day of **May, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE